**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LATHEA SMYLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| NEWELL BRANDS, INC.; SUNBEAM | ) | |
| PRODUCTS, INC.; | ) | JURY DEMANDED |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES Plaintiff LATHEA SMYLES, by and through her attorneys POWER ROGERS, LLP, and hereby complaining of Defendants NEWELL BRANDS, INC., and SUNBEAM PRODUCTS, INC., pleading hypothetically and in the alternative, states as follows:

JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff Lathea Smyles is a County of Cook, State of Illinois resident. Defendant Newell Brands, Inc., is a Delaware Corporation with its corporate residence in Atlanta, Georgia. Defendant Sunbeam Products, Inc., is a Delaware Corporation with its corporate residence in Boca Raton, Florida. The incident giving rise to this lawsuit occurred in Highland, Indiana. The amount in controversy exceeds $75,000.00. Venue is proper in the Northern District of Illinois, Eastern Division.

PARTIES

Plaintiff Lathea Smyles is a resident of the County of Cook, State of Illinois.

Defendant Newell Brands, Inc., (hereinafter referred to as "Newell") is the parent corporation of Defendant Sunbeam Products, Inc., (hereinafter referred to as "Sunbeam").

Defendants designed, manufactured, and distributed certain crock pot pressure cookers, including the one at issue in this case model number SCCPPC600-V1.

<u>COMMON ALLEGATIONS</u>

1. On or about February 15, 2021, and at all times material, Plaintiff LATHEA SMYLES was a resident of the City of Markham, County of Cook, State of Illinois.

2. On or about February 15, 2021, and at all times material, Defendant SUNBEAM was a foreign corporation licensed to do business in the State of Illinois.

3. On or about February 15, 2021, and at all times material, Defendant SUNBEAM did business in the State of Illinois.

4. On or about February 15, 2021, and at all times material, Defendant NEWELL was a foreign corporation licensed to do business in the State of Illinois.

5. On or about February 15, 2021, and at all times material, Defendant NEWELL did business in the State of Illinois.

6. On and prior to February 15, 2021, Defendant SUNBEAM was one of Defendant NEWELL's brands.

7. On and prior to February 15, 2021, Defendant NEWELL was the parent company of Defendant SUNBEAM.

8. On and prior to February 15, 2021, and at all times material, Defendant SUNBEAM manufactured, marketed, and sold certain crock pot multi-cooker pressure cookers.

9. On and prior to February 15, 2021, and at all times material, Defendant NEWELL manufactured, marketed, and sold certain crock pot multi-cooker pressure cookers.

10. On and prior to February 15, 2021, and at all times material, HOME DEPOT marketed and sold certain crock pot multi-cooker pressure cookers manufactured by Defendants SUNBEAM and NEWELL.

11. Prior to February 15, 20121, and at all times material, Plaintiff SMYLES purchased a crock pot multi-cooker pressure cooker manufactured by Defendant SUNBEAM.

12. Prior to February 15, 20121, and at all times material, Plaintiff SMYLES purchased a crock pot multi-cooker pressure cooker manufactured by Defendant NEWELL.

13. Prior to February 15, 20121, and at all times material, Plaintiff SMYLES purchased a crock pot multi-cooker pressure cooker at Home Depot.

14. The aforementioned crock pot multi-cooker pressure cooker purchased by Plaintiff SMYLES was a Sunbeam Products, Inc. crock pot pressure cooker, model SCCPPC600-V1.

15. The aforementioned crock pot pressure cooker purchased by Plaintiff SMYLES was "for household use only."

16. Prior to February 15, 2021, and at all times material, Defendant SUNBEAM advertised the aforementioned crock pot pressure cooker as "Trusted".

17. Prior to February 15, 2021, and at all times material, Defendant NEWELL advertised the aforementioned crock pot pressure cooker as "Trusted."

18. Prior to February 15, 2021, and at all times material, Defendant SUNBEAM advertised the aforementioned crock pot pressure cooker as "featuring a locking, air-tight lid that stays sealed under pressure for a total peace of mind."

19. Prior to February 15, 2021, and at all times material, Defendant NEWELL advertised the aforementioned crock pot pressure cooker as "featuring a locking, air-tight lid that stays sealed under pressure for a total peace of mind."

20. Prior to February 15, 2021, and at all times material, Defendant SUNBEAM marketed the aforementioned crock pot pressure cooker as "the Crock-Pot brand is a leader in one pot cooking."

21. Prior to February 15, 2021, and at all times material, Defendant NEWELL marketed the aforementioned crock pot pressure cooker as "the Crock-Pot brand is a leader in one pot cooking."

22. Prior to February 15, 2021 and at all times material, Defendant SUNBEAM set forth the safety features in the Owner's Guide of the aforementioned crock pot pressure cooker.

23. Prior to February 15, 2021 and at all times material, Defendant NEWELL set forth the safety features in the Owner's Guide of the aforementioned crock pot pressure cooker.

24. Prior to February 15, 2021, and at all times material, Defendant SUNBEAM's Owner's Guide for the aforementioned crock pot stated that it was "Designed with an airtight locking lid stays sealed under pressure for added safety."

25. Prior to February 15, 2021, and at all times material, Defendant NEWELL's Owner's Guide for the aforementioned crock pot stated that it was "Designed with an airtight locking lid stays sealed under pressure for added safety."

26. Prior to February 15, 2021, and at all times material, Defendant SUNBEAM engaged in online, print, and media marketing efforts to inform potential users and/or purchasers, including Plaintiff SMYLES, that the aforementioned crock pot was trusted, safe, and useful.

27. Prior to February 15, 2021, and at all times material, Defendant NEWELL engaged in online, print, and media marketing efforts to inform potential users and/or purchasers, including Plaintiff SMYLES, that the aforementioned crock pot was trusted, safe, and useful.

28. Prior to February 15, 2021, and at all times material, the aforementioned crock pot generated extreme heat and steam when in use.

29. Prior to February 15, 2021, and at all times material, Defendant SUNBEAM was aware that in the aforementioned crock pot pressure steam builds up and causes its scalding hot contents to burst and erupt from the device.

30. Prior to February 15, 2021, and at all times material, Defendant NEWELL was aware that in the aforementioned crock pot pressure steam builds up and causes its scalding hot contents to burst and erupt from the device.

31. Prior to February 15, 2021, and at all times material, the aforementioned crock pot pressure cookers designed, manufactured, marketed, and sold by Defendant SUNBEAM had certain defects, including without limit, a defective pressure release valve, a misaligned locking arrow indicator, a locking pin which was too short and/or inadequate to prevent the lid from opening while under pressure, a strike plate made of material inadequate and/or insufficient to prevent the lid from opening while under pressure, a faulty gasket that allows the lid to open despite the presence of significant built-up pressure, inadequate warnings, and/or failures of other purported built-inn safety feature(s) designed to prevent the lid from opening until all the pressure was released.

32. Prior to February 15, 2021, and at all times material, the aforementioned crock pot pressure cookers designed, manufactured, marketed, and sold by Defendant NEWELL

had certain defects, including without limit, a defective pressure release valve, a misaligned locking arrow indicator, a locking pin which was too short and/or inadequate to prevent the lid from opening while under pressure, a strike plate made of material inadequate and/or insufficient to prevent the lid from opening while under pressure, a faulty gasket that allows the lid to open despite the presence of significant built-up pressure, inadequate warnings, and/or failures of other purported built-in safety feature(s) designed to prevent the lid from opening until all the pressure was released.

33. Prior to February 15, 2021, and at all times material, Defendant SUNBEAM knew or should have known of the aforementioned defects in the aforementioned crock pot pressure cooker.

34. Prior to February 15, 2021, and at all times material, Defendant NEWELL knew or should have known of the aforementioned defects in the aforementioned crock pot pressure cooker.

35. Prior to February 15, 2021, and at all times material, Defendant SUNBEAM failed to warn consumers, including without limit Plaintiff SMYLES, of the aforementioned defects in the aforementioned crock pot pressure cooker.

36. Prior to February 15, 2021, and at all times material, Defendant NEWELL failed to warn consumers, including without limit Plaintiff SMYLES, of the aforementioned defects in the aforementioned crock pot pressure cooker.

37. Prior to February 15, 2021, and at all times material, Defendant SUNBEAM represented to consumers, including without limit Plaintiff SMYLES, the safety of the aforementioned crock pot pressure cooker.

38. Prior to February 15, 2021, and at all times material, Defendant NEWELL represented to consumers, including without limit Plaintiff SMYLES, the safety of the aforementioned crock pot pressure cooker.

39. Prior to February 15, 2021, and at all times material, Plaintiff SMYLES cooked in the aforementioned crock pot multi-cooker pressure cooker.

40. Around 2019, Plaintiff SMYLES purchased a Sunbeam Products, Inc. crock pot pressure cooker, model SCCPPC600-V1.

41. At all times material, the aforementioned crock pot pressure cooker purchased by Plaintiff SMYLES was in its original unopened packaging and had not been modified in any fashion.

42. At all times material, the aforementioned crock pot pressure cooker purchased by Plaintiff SMYLES packaging contained an instruction manual.

43. At all times material, Plaintiff SMYLES read the aforementioned instruction manual prior to using the crock pot pressure cooker.

44. At all times material, Plaintiff SMYLES followed the instruction manual at all times when using the crock pot pressure cooker.

45. On or about February 15, 2021, and at all times material, Plaintiff SMYLES was using the aforementioned crock pot pressure cooker to cook beans.

46. Prior to February 15, 2021, and at all times material, Plaintiff SMYLES had used the aforementioned crock pot pressure cooker to cook beans in the past.

47. On or about February 15, 2021, and at all times material, Plaintiff SMYLES followed the instructions for the aforementioned crock pot pressure cooker when cooking beans.

48. On or about February 15, 2021, and at all times material, the aforementioned crock pot pressure cooker indicated that it had finished cooking.

49. On or about February 15, 2021, and at all times material, the aforementioned crock pot pressure cooker indicated that it was no longer under pressure.

50. On or about February 15, 2021, and at all times material, the aforementioned crock pot pressure cooker indicated that was safe to open.

51. On or about February 15, 2021, and at all times material, Plaintiff SMYLES walked over to the aforementioned crock pot pressure cooker and suddenly and without warning the top exploded off of it causing the contents, including scalding hot liquid, and steam to fly out onto Plaintiff SMYLES.

52. On or about February 15, 2021, and at all times material, Plaintiff SMYLES was using the aforementioned crock pot pressure cooker in a manner which was intended, reasonable, and foreseeable.

53. As a direct and proximate result of the aforementioned explosion of the crock pot pressure cooker and expelling its contents, Plaintiff SMYLES has sustained severe and permanent injuries; has endured and will in the future endure pain and suffering; has incurred and will permanently in the future incur obligations for substantial sums of money for medical expenses; has incurred expenses for lost wages; has been disabled and disfigured; and has suffered emotional distress.

## COUNT I

(SUNBEAM – Products Liability)

54. Plaintiff hereby adopts allegations 1-53 set forth above as if alleged herein.

55. At all times material, Defendant SUNBEAM designed, manufactured, distributed, sold, and introduced into the stream of commerce the crock pot pressure cooker purchased and used by Plaintiff SMYLES.

56. On or February 15, 2021 the crock pot pressure cooker purchased and used by Plaintiff SMYLES failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused severe and permanent injuries to the Plaintiff SMYLES.

57. On or about February 15, 2021, the crock pot pressure cooker was within its anticipated useful life when it failed.

58. At all times material, the crock pot pressure cooker was in the same condition when it reached the Plaintiff as when it left Defendant SUNBEAM's control.

59. That the failure of the crock pot pressure cooker would not have occurred absence a defect or unreasonably dangerous condition within it.

60. The injuries sustained by Plaintiff SMYLES were caused by Defendant SUNBEAM's distribution of a defective product which was unreasonably dangerous to the ultimate users and consumers of the product for which Defendant SUNMAN is strictly liable pursuant to the provisions of Section 402A of the Restatement (Second) of Torts.

61. On or about February 15, 2021, and at all times material, Defendant SUNBEAM's crock pot pressure cooker model SCCPPC600-V1 was defective and unreasonably dangerous in one or more of the following respects:

a. It was designed, manufactured, and distributed with a defective pressure release valve; or

b. It was designed, manufactured, and distributed with a misaligned locking arrow indicator; or

c. It was designed, manufactured, and distributed with a locking pin that was too short and/or inadequate to prevent the lid from opening while under pressure; or

d. It was designed, manufactured, and distributed with a strike plate made of material inadequate and/or insufficient to prevent the lid from opening while under pressure; or

e. It was designed, manufactured, and distributed with a faulty gasket that allows the lid to open despite the presence of significant built-up pressure; or

f. It was designed, manufactured, and distributed with inadequate warnings; or

g. It was designed, manufactured, and distributed with failures of other purported built-in safety features designed to prevent the lid from opening until all the pressure was released; or

h. It lacked protection against other failures.

62. As a direct and proximate result of one or more of the unreasonably dangerous conditions, Plaintiff SMYLES has sustained severe and permanent injuries; has endured and will in the future endure pain and suffering; has incurred and will permanently in the future incur obligations for substantial sums of money for medical expenses; has incurred expenses for lost wages; has been disabled and disfigured; and has suffered emotional distress.

WHEREFORE Plaintiff LATHEA SMYLES, by and through her attorneys POWER ROGERS LLP, hereby demands judgment against Defendant SUNBEAM PRODUCTS,

INC., in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) as shall represent fair and just compensation.

## COUNT II

(SUNBEAM – Negligence)

54. Plaintiff hereby adopts allegations 1-53 set forth above as if alleged herein.

55. At all times material, Defendant SUNBEAM designed, manufactured, distributed, sold, and introduced into the stream of commerce the crock pot pressure cooker purchased and used by Plaintiff SMYLES.

56. On or February 15, 2021, the crock pot pressure cooker purchased and used by Plaintiff SMYLES failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused severe and permanent injuries to the Plaintiff SMYLES.

57. On or about February 15, 2021, the crock pot pressure cooker was within its anticipated useful life when it failed.

58. At all times material, the crock pot pressure cooker was in the same condition when it reached the Plaintiff as when it left Defendant SUNBEAM's control.

59. That the failure of the crock pot pressure cooker would not have occurred absence a defect or unreasonably dangerous condition within it.

60. On and prior to February 15, 2021, and at all times material, Defendant SUNBEAM owed Plaintiff SMYLES as duty to use reasonable care in the designing, manufacturing, testing, inspecting, distributing, selling, and/or marketing of the crock pot pressure cooker.

61. On and prior to February 15, 2021, and at all times material, Defendant SUNBEAM owed Plaintiff SMYLES a duty to adequately warn of the dangers presented by the design of the crock pot pressure cooker.

12

62. On and prior to February 15, 2021, and at all times material, Defendant SUNBEAM knew or should have known that the design, manufacturing, and/or marketing of the crock pot pressure cooker would have reasonably led to the occurrence and Plaintiff's injuries.

63. On or about February 15, 2021, and at all times material, Defendant SUNBEAM was then and there negligent in one or more of the following respects:

    a. Negligently designed, manufactured, and distributed with a defective pressure release valve; or

    b. Negligently designed, manufactured, and distributed with a misaligned locking arrow indicator; or

    c. Negligently designed, manufactured, and distributed with a locking pin that was too short and/or inadequate to prevent the lid from opening while under pressure; or

    d. Negligently designed, manufactured, and distributed with a strike plate made of material inadequate and/or insufficient to prevent the lid from opening while under pressure; or

    e. Negligently designed, manufactured, and distributed with a faulty gasket that allows the lid to open despite the presence of significant built-up pressure; or

    f. Negligently designed, manufactured, and distributed with inadequate warnings; or

    g. Negligently designed, manufactured, and distributed with failures of other purported built-in safety features designed to prevent the lid from opening until all the pressure was released; or

    h. Negligently lacked protection against other failures of the crock pot pressure cookers; or

i. Was not of average fair quality so as to pass without objection in the trade; or

j. Was not fit for the ordinary purpose for which it was sold or used; or

k. Was not overall safe; or

l. Was otherwise negligent.

64. As a direct and proximate result of one or more of Defendant SUNBEAM's negligent acts and/or omissions, Plaintiff SMYLES has sustained severe and permanent injuries; has endured and will in the future endure pain and suffering; has incurred and will permanently in the future incur obligations for substantial sums of money for medical expenses; has incurred expenses for lost wages; has been disabled and disfigured; and has suffered emotional distress.

WHEREFORE Plaintiff LATHEA SMYLES, by and through her attorneys POWER ROGERS LLP, hereby demands judgment against Defendant SUNBEAM PRODUCTS, INC., in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) as shall represent fair and just compensation.

## COUNT III

(SUNBEAM - Breach of Express Warranty)

54. Plaintiff hereby adopts allegations 1-53 set forth above as if alleged herein.

55. At all times material, Defendant SUNBEAM designed, manufactured, distributed, sold, and introduced into the stream of commerce the crock pot pressure cooker purchased and used by Plaintiff SMYLES.

56. On or February 15, 2021 the crock pot pressure cooker purchased and used by Plaintiff SMYLES failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused severe and permanent injuries to the Plaintiff SMYLES.

57. On or about February 15, 2021, the crock pot pressure cooker was within its anticipated useful life when it failed.

58. At all times material, the crock pot pressure cooker was in the same condition when it reached the Plaintiff as when it left Defendant SUNBEAM's control.

59. That the failure of the crock pot pressure cooker would not have occurred absence a defect or unreasonably dangerous condition within it.

60. Prior to February 15, 2021, Defendant SUNBEAM designed, manufactured, assembled, distributed, inspected, tested, and/or sold the crock pot pressure cooker.

61. Prior to February 15, 2021, Defendant SUNBEAM expressly warranted that the crock pot pressure cooker was safe for ordinary use when used in compliance with the instructions provided.

62. Prior to February 15, 2021, Defendant SUNBEAM's affirmations regarding the safety of its product formed a basis of the bargain for Plaintiff SMYLES without which Plaintiff SMYLES would not have purchased and/or used the crock pot pressure cooker.

63. That Plaintiff SMYLES detrimentally relied upon the materially false and misleading representations of Defendant SUNBEAM.

64. That the aforementioned crock pot pressure cooker did not conform to Defendant SUNBEAM's affirmations regarding safety.

65. Defendant SUNBEAM breached its express warranties as to the safety of its product to Plaintiff SMYLES in one or more of the following respects:

    a. It was designed, manufactured, and distributed with a defective pressure release valve; or

    b. It was designed, manufactured, and distributed with a misaligned locking arrow indicator; or

    c. It was designed, manufactured, and distributed with a locking pin that was too short and/or inadequate to prevent the lid from opening while under pressure; or

    d. It was designed, manufactured, and distributed with a strike plate made of material inadequate and/or insufficient to prevent the lid from opening while under pressure; or

    e. It was designed, manufactured, and distributed with a faulty gasket that allows the lid to open despite the presence of significant built-up pressure; or

    f. It was designed, manufactured, and distributed with inadequate warnings; or

g. It was designed, manufactured, and distributed with failures of other purported built-in safety features designed to prevent the lid from opening until all the pressure was released; or

a. It lacked protection against other failures; or

b. Was not of average fair quality so as to pass without objection in the trade; or

c. Was not fit for the ordinary purpose for which it was sold or used; or

h. Was not overall safe.

66. As a direct and proximate result of one or more of the breaches of express warranty by Defendant SUNBEAM, Plaintiff SMYLES has sustained severe and permanent injuries; has endured and will in the future endure pain and suffering; has incurred and will permanently in the future incur obligations for substantial sums of money for medical expenses; has incurred expenses for lost wages; has been disabled and disfigured; and has suffered emotional distress.

WHEREFORE Plaintiff LATHEA SMYLES, by and through her attorneys POWER ROGERS LLP, hereby demands judgment against Defendant SUNBEAM PRODUCTS, INC., in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) as shall represent fair and just compensation.

## COUNT IV

(SUNBEAM – Breach of Implied Warranty of Merchantability)

54. Plaintiff hereby adopts allegations 1-53 set forth above as if alleged herein.

55. At all times material, Defendant SUNBEAM designed, manufactured, distributed, sold, and introduced into the stream of commerce the crock pot pressure cooker purchased and used by Plaintiff SMYLES.

56. On or February 15, 2021 the crock pot pressure cooker purchased and used by Plaintiff SMYLES failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused severe and permanent injuries to the Plaintiff SMYLES.

57. On or about February 15, 2021, the crock pot pressure cooker was within its anticipated useful life when it failed.

58. At all times material, the crock pot pressure cooker was in the same condition when it reached the Plaintiff as when it left Defendant SUNBEAM's control.

59. That the failure of the crock pot pressure cooker would not have occurred absence a defect or unreasonably dangerous condition within it.

60. Prior to February 15, 2021, Defendant SUNBEAM designed, manufactured, assembled, distributed, inspected, tested, and/or sold the crock pot pressure cooker.

61. Prior to February 15, 2021, Defendant SUNBEAM impliedly warranted that the crock pot pressure cooker was safe for ordinary use when used in compliance with the instructions provided.

62. Prior to February 15, 2021, Defendant SUNBEAM's implied warranties regarding the safety of its product formed a basis of the bargain for Plaintiff SMYLES without which Plaintiff SMYLES would not have purchased and/or used the crock pot pressure cooker.

63. That Plaintiff SMYLES detrimentally relied upon the materially false and misleading representations of Defendant SUNBEAM.

64. That the aforementioned crock pot pressure cooker did not conform to Defendant SUNBEAM's implied warranties regarding safety.

65. Defendant SUNBEAM breached its implied warranties as to the safety of its product to Plaintiff SMYLES in one or more of the following respects:

   a. It was designed, manufactured, and distributed with a defective pressure release valve; or

   b. It was designed, manufactured, and distributed with a misaligned locking arrow indicator; or

   c. It was designed, manufactured, and distributed with a locking pin that was too short and/or inadequate to prevent the lid from opening while under pressure; or

   d. It was designed, manufactured, and distributed with a strike plate made of material inadequate and/or insufficient to prevent the lid from opening while under pressure; or

   e. It was designed, manufactured, and distributed with a faulty gasket that allows the lid to open despite the presence of significant built-up pressure; or

   f. It was designed, manufactured, and distributed with inadequate warnings; or

g.  It was designed, manufactured, and distributed with failures of other purported built-in safety features designed to prevent the lid from opening until all the pressure was released; or

h.  It lacked protection against other failures; or

i.  Was not of average fair quality so as to pass without objection in the trade; or

j.  Was not fit for the ordinary purpose for which it was sold or used; or

k.  Was not overall safe.

66. As a direct and proximate result of one or more of the breaches of implied warranty by Defendant SUNBEAM, Plaintiff SMYLES has sustained severe and permanent injuries; has endured and will in the future endure pain and suffering; has incurred and will permanently in the future incur obligations for substantial sums of money for medical expenses; has incurred expenses for lost wages; has been disabled and disfigured; and has suffered emotional distress.

WHEREFORE Plaintiff LATHEA SMYLES, by and through her attorneys POWER ROGERS LLP, hereby demands judgment against Defendant SUNBEAM PRODUCTS, INC., in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) as shall represent fair and just compensation.

## COUNT V

(SUNBEAM – Breach of Implied Warranty of Fitness for a Particular Purpose)

54. Plaintiff hereby adopts allegations 1-53 set forth above as if alleged herein.

55. At all times material, Defendant SUNBEAM designed, manufactured, distributed, sold, and introduced into the stream of commerce the crock pot pressure cooker purchased and used by Plaintiff SMYLES.

56. On or February 15, 2021 the crock pot pressure cooker purchased and used by Plaintiff SMYLES failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused severe and permanent injuries to the Plaintiff SMYLES.

57. On or about February 15, 2021, the crock pot pressure cooker was within its anticipated useful life when it failed.

58. At all times material, the crock pot pressure cooker was in the same condition when it reached the Plaintiff as when it left Defendant SUNBEAM's control.

59. That the failure of the crock pot pressure cooker would not have occurred absence a defect or unreasonably dangerous condition within it.

60. Prior to February 15, 2021, Defendant SUNBEAM designed, manufactured, assembled, distributed, inspected, tested, and/or sold the crock pot pressure cooker.

61. Prior to February 15, 2021, Defendant SUNBEAM, by and through its agents and/or employees, made representations and promotions concerning the particular purpose to which Plaintiff SMYLES would put the crock pot pressure cooker to use.

62. Prior to February 15, 2021, Defendant SUNBEAM, by and through its agents and/or employees, knew or should have known of the particular purpose that Plaintiff SMYLES would put the crock pot pressure cooker to use.

63. Prior to February 15, 2021, Defendant SUNBEAM impliedly warranted that the crock pot pressure cooker was safe for ordinary use when used in compliance with the instructions provided.

64. Prior to February 15, 2021, Defendant SUNBEAM impliedly warranted that the crock pot pressure cooker was safe for the particular purposes that Plaintiff SMYLES put it to use.

65. Prior to February 15, 2021, Defendant SUNBEAM's implied warranties for fitness for a particular purpose regarding the safety of its product to Plaintiff SMYLES.

66. Prior to February 15, 2021, Plaintiff SMYLES would not have purchased and/or used the crock pot pressure cooker without Defendant SUNBEAM's implied warranties for fitness for a particular purpose.

67. That Plaintiff SMYLES detrimentally relied upon the materially false and misleading representations of Defendant SUNBEAM.

68. That the aforementioned crock pot pressure cooker did not conform to Defendant SUNBEAM's implied warranties of fitness for a particular purpose.

69. Defendant SUNBEAM breached its implied warranties for fitness for a particular purpose to Plaintiff SMYLES in one or more of the following respects:

   a. It was designed, manufactured, and distributed with a defective pressure release valve; or

b. It was designed, manufactured, and distributed with a misaligned locking arrow indicator; or

c. It was designed, manufactured, and distributed with a locking pin that was too short and/or inadequate to prevent the lid from opening while under pressure; or

d. It was designed, manufactured, and distributed with a strike plate made of material inadequate and/or insufficient to prevent the lid from opening while under pressure; or

e. It was designed, manufactured, and distributed with a faulty gasket that allows the lid to open despite the presence of significant built-up pressure; or

f. It was designed, manufactured, and distributed with inadequate warnings; or

g. It was designed, manufactured, and distributed with failures of other purported built-in safety features designed to prevent the lid from opening until all the pressure was released; or

h. It lacked protection against other failures; or

i. Was not of average fair quality so as to pass without objection in the trade; or

j. Was not fit for the ordinary purpose for which it was sold or used; or

k. Was not overall safe.

70. As a direct and proximate result of one or more of the breaches of implied warranty of fitness for a particular purpose by Defendant SUNBEAM, Plaintiff SMYLES has sustained severe and permanent injuries; has endured and will in the future endure pain and suffering; has incurred and will permanently in the future incur obligations for substantial sums of money for medical expenses; has incurred expenses for lost wages; has been disabled and disfigured; and has suffered emotional distress.

23

WHEREFORE Plaintiff LATHEA SMYLES, by and through her attorneys POWER ROGERS LLP, hereby demands judgment against Defendant SUNBEAM PRODUCTS, INC., in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) as shall represent fair and just compensation.

## COUNT VI

(SUNBEAM – Failure to Warn)

54. Plaintiff hereby adopts allegations 1-53 set forth above as if alleged herein.

55. At all times material, Defendant SUNBEAM designed, manufactured, distributed, sold, and introduced into the stream of commerce the crock pot pressure cooker purchased and used by Plaintiff SMYLES.

56. On or February 15, 2021, the crock pot pressure cooker purchased and used by Plaintiff SMYLES failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused severe and permanent injuries to the Plaintiff SMYLES.

57. On or about February 15, 2021, the crock pot pressure cooker was within its anticipated useful life when it failed.

58. At all times material, the crock pot pressure cooker was in the same condition when it reached the Plaintiff as when it left Defendant SUNBEAM's control.

59. That the failure of the crock pot pressure cooker would not have occurred absence a defect or unreasonably dangerous condition within it.

60. Prior to February 15, 2021, Defendant SUNBEAM designed, manufactured, assembled, distributed, inspected, tested, and/or sold the crock pot pressure cooker.

61. Prior to February 15, 2021, Defendant SUNBEAM, knew or should have known of the dangerous nature of the crock pot pressure.

62. Prior to February 15, 2021, Defendant SUNBEAM, by and through its agents and/or employees, knew or should have known of the need to provide adequate warnings

concerning the use of the crock pot pressure cooker to consumers, including but without limit Plaintiff SMYLES.

63. Prior to February 15, 2021, and at all times material, Defendant SUNBEAM had a duty to provide reasonable warnings of the dangers involved in the use of the crock pot pressure cooker.

64. At all times material, Defendant SUNBEAM failed to provide the public, including Plaintiff SMYLES, with notice of the danger involved in the use of the crock pot pressure cooker.

65. Defendant SUNBEAM breached its duty to warn Plaintiff SMYLES of the dangers of use of the crock pot pressure cooker in one or more of the following respects:

   a. Failed to warn that it was designed, manufactured, and distributed with a defective pressure release valve; or

   b. Failed to warn that it was designed, manufactured, and distributed with a misaligned locking arrow indicator; or

   c. Failed to warn that it was designed, manufactured, and distributed with a locking pin that was too short and/or inadequate to prevent the lid from opening while under pressure; or

   d. Failed to warn that it was designed, manufactured, and distributed with a strike plate made of material inadequate and/or insufficient to prevent the lid from opening while under pressure; or

   e. Failed to warn that it was designed, manufactured, and distributed with a faulty gasket that allows the lid to open despite the presence of significant built-up pressure; or

     f.   Failed to warn that it was designed, manufactured, and distributed with inadequate warnings; or

     g.   Failed to warn that it was designed, manufactured, and distributed with failures of other purported built-in safety features designed to prevent the lid from opening until all the pressure was released; or

     h.   Failed to warn that it lacked protection against other failures; or

     i.   Failed to warn that it was not fit for the ordinary purpose for which it was sold or used; or

     j.   Failed to warn that it was not overall safe.

66. As a direct and proximate result of one or more of the failures to warn by Defendant SUNBEAM, Plaintiff SMYLES has sustained severe and permanent injuries; has endured and will in the future endure pain and suffering; has incurred and will permanently in the future incur obligations for substantial sums of money for medical expenses; has incurred expenses for lost wages; has been disabled and disfigured; and has suffered emotional distress.

WHEREFORE Plaintiff LATHEA SMYLES, by and through her attorneys POWER ROGERS LLP, hereby demands judgment against Defendant SUNBEAM PRODUCTS, INC., in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) as shall represent fair and just compensation.

## **COUNT VII**
(SUNBEAM – Illinois Consumer Fraud and Deceptive Business Practices Act)

67. Plaintiff hereby adopts allegations 1-53 set forth above as if alleged herein.

68. At all times material, Defendant SUNBEAM designed, manufactured, distributed, sold, and introduced into the stream of commerce the crock pot pressure cooker purchased and used by Plaintiff SMYLES.

69. On or February 15, 2021 the crock pot pressure cooker purchased and used by Plaintiff SMYLES failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused severe and permanent injuries to the Plaintiff SMYLES.

70. On or about February 15, 2021, the crock pot pressure cooker was within its anticipated useful life when it failed.

71. At all times material, the crock pot pressure cooker was in the same condition when it reached the Plaintiff as when it left Defendant SUNBEAM's control.

72. That the failure of the crock pot pressure cooker would not have occurred absence a defect or unreasonably dangerous condition within it.

73. Prior to February 15, 2021, Defendant SUNBEAM designed, manufactured, assembled, distributed, inspected, tested, and/or sold the crock pot pressure cooker.

74. Prior to February 15, 2021, Defendant SUNBEAM, by and through its agents and/or employees, committed fraudulent and deceptive business practices in one or more of the following respects in regard to the crock pot pressure cooker:

    a. Failed to disclose or warn users of the crock pot pressure cooker of the hazards and dangers associated with it; or

    b. Failed to disclose or warn that it was designed, manufactured, and distributed with a defective pressure release valve; or

c.  Failed to disclose or warn that it was designed, manufactured, and distributed with a misaligned locking arrow indicator; or

d.  Failed to disclose or warn that it was designed, manufactured, and distributed with a locking pin that was too short and/or inadequate to prevent the lid from opening while under pressure; or

e.  Failed to disclose or warn that it was designed, manufactured, and distributed with a strike plate made of material inadequate and/or insufficient to prevent the lid from opening while under pressure; or

f.  Failed to disclose or warn that it was designed, manufactured, and distributed with a faulty gasket that allows the lid to open despite the presence of significant built-up pressure; or

g.  Failed to disclose or warn that it was designed, manufactured, and distributed with inadequate warnings; or

h.  Failed to disclose or warn that it was designed, manufactured, and distributed with failures of other purported built-in safety features designed to prevent the lid from opening until all the pressure was released; or

i.  Failed to disclose or warn that it lacked protection against other failures; or

j.  Failed to disclose or warn that it was not fit for the ordinary purpose for which it was sold or used; or

k.  Failed to disclose or warn that it was not overall safe; or

l.  Failed to disclose or warn that it was dangerous and defective; or

m. Failed to implement appropriate policies and procedures; or

n.  Represented that the product was safe for its intended use.

75. That Defendant SUNBEAM knew or should have known that the aforementioned failures to warn and representations were deceptive and fraudulent to consumers, including Plaintiff SMYLES.

76. That Defendant SUNBEAM intended for consumers, including Plaintiff SMYLES, to rely upon its representations in regard to the crock pot pressure cooker.

77. That Defendant SUNBEAM's deceptive and fraudulent statements were during the course of commerce as it was in the marketing and sales of the crock pot pressure cooker to consumers, including Plaintiff SMYLES.

78. As a direct and proximate result of one or more of the aforementioned deceptive practices and/or fraudulent statements by Defendant SUNBEAM, Plaintiff SMYLES has sustained severe and permanent injuries; has endured and will in the future endure pain and suffering; has incurred and will permanently in the future incur obligations for substantial sums of money for medical expenses; has incurred expenses for lost wages; has been disabled and disfigured; and has suffered emotional distress.

WHEREFORE Plaintiff LATHEA SMYLES, by and through her attorneys POWER ROGERS LLP, hereby demands judgment against Defendant SUNBEAM PRODUCTS, INC., in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) as shall represent fair and just compensation.

Respectfully submitted,

/s/ Carolyn S. Daley
Attorney for Plaintiff

Carolyn S. Daley – ARDC #6289308
POWER ROGERS LLP
70 W. Madison, 55th Floor
Chicago, IL 60602
312-236-9381